**NOT FOR PUBLICATION**

**FILED**

**UNITED STATES COURT OF APPEALS**

FEB 25 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| JERRY JONATHAN GARCIA-LOPEZ; ADARIS YAMILETH ESTRADA-DARRAYO; MAXWELL SNEIJDER GARCIA-ESTRADA, <br><br> Petitioners, <br><br> v. <br><br> PAMELA BONDI, Attorney General, <br><br> Respondent. | No. 24-767 <br><br> Agency Nos. <br> A220-302-224 <br> A220-302-225 <br> A220-302-226 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 11, 2025**
San Francisco, California

Before: OWENS, VANDYKE, and JOHNSTONE, Circuit Judges.

Jerry Jonathan Garcia-Lopez ("Garcia-Lopez"), his wife Adaris Yamileth

Estrada-Darrayo, and their minor son Maxwell Sneijder Garcia-Estrada, natives

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

and citizens of Guatemala, petition for review of the Board of Immigration Appeals' ("BIA") decision dismissing their appeal of the Immigration Judge's ("IJ") decision denying their applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). The claims of Garcia-Lopez's wife and minor child are wholly dependent on Garcia-Lopez's application. Where, as here, "the BIA simply affirms the immigration judge, we review the decision of that judge as if it were the final agency action." *Nuru v. Gonzales*, 404 F.3d 1207, 1215 (9th Cir. 2005). "We review for substantial evidence the [agency]'s factual findings, which should be upheld unless the evidence compels a contrary result." *Diaz-Reynoso v. Barr*, 968 F.3d 1070, 1076 (9th Cir. 2020) (citation and internal quotation marks omitted). As the parties are familiar with the facts, we do not recount them here. We deny the petition.

1. The applicant "bears the burden of proving eligibility for asylum and must demonstrate that he has suffered past persecution or has a well-founded fear of future persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019). The requirement that the applicant show that he or she would be persecuted "on account of" a protected ground is often referred to as the "nexus" requirement. *Reyes v. Lynch*, 842 F.3d 1125, 1132 n.3 (9th Cir. 2016) (citation omitted).

Substantial evidence supports the IJ's determination that Garcia-Lopez failed to establish nexus to a protected ground. Garcia-Lopez alleges two protected grounds: (1) the particular social group of "Guatemalans who take concrete actions to oppose gang membership and authority"; and (2) his imputed or actual anti-gang political opinion. However, the record does not compel the conclusion that the proposed particular social group has the requisite social distinction to be cognizable. *See id.* at 1131 (emphasizing that a particular social group must be "socially distinct within the society in question" (citation omitted)). Nor does the record compel us to find there was any political reason behind Garcia-Lopez's refusal to join the gang. *See INS v. Elias-Zacarias*, 502 U.S. 478, 482-83 (1992) (determining that mere refusal to join a gang did not qualify as the expression of a political opinion without further evidence showing that such refusal "was politically based"), *superseded by statute on other grounds*, 8 U.S.C. § 1252(b)(4)(B).

The record also does not compel the conclusion that the IJ erred in determining that Garcia-Lopez failed to show a well-founded fear of future persecution. Substantial evidence supports the IJ's determination that he could safely relocate within Guatemala. *See Duran-Rodriguez*, 918 F.3d at 1029 (noting that an applicant does not have a well-founded fear of future persecution if relocation within his or her country of nationality would be possible and

3                                                                                           24-767

reasonable).  Accordingly, substantial evidence supports the IJ's denial of asylum.

2.  "An applicant who fails to satisfy the lower standard for asylum necessarily fails to satisfy the more demanding standard for withholding of removal[.]"  *Davila v. Barr*, 968 F.3d 1136, 1142 (9th Cir. 2020).  Because Garcia-Lopez failed to meet the lower standard for asylum, it necessarily follows that he has not established eligibility for withholding of removal.  Moreover, while the nexus "a reason" standard for withholding of removal is less demanding than the "one central reason" standard for asylum, there is no distinction when there is "no nexus at all."  *Barajas-Romero v. Lynch*, 846 F.3d 351, 360 (9th Cir. 2017).

3.  To qualify for CAT protection, an applicant must establish "that it is more likely than not that he . . . would be tortured" if returned to the country of removal.  8 C.F.R. § 1208.16(c)(2).  In addition, the applicant "must demonstrate that he would be subject to a *particularized threat* of torture[.]"  *Dhital v. Mukasey*, 532 F.3d 1044, 1051 (9th Cir. 2008) (per curiam) (citation and internal quotation marks omitted).  Here, substantial evidence supports the IJ's determination that Garcia-Lopez failed to show that he faces a particularized risk of torture upon return to Guatemala.  *See id.* at 1051-52 (emphasizing that a particularized threat of torture must be "beyond that of which all citizens of [his country] are at risk").

4.  The temporary stay of removal remains in place until the mandate issues.  The motion for a stay of removal is otherwise denied.

**PETITION FOR REVIEW DENIED**.